IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID DEBAUCHE,

Plaintiff,                              OPINION AND ORDER

v.                                         17-cv-454-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants.

DAVID DEBAUCHE,

Plaintiff,                              OPINION AND ORDER

v.                                         17-cv-524-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants.

*Pro se* plaintiff David DeBauche, a prisoner at Columbia Correctional Institution ("Columbia"), filed these two lawsuits under 42 U.S.C. § 1983, claiming that several dozen defendants have been violating his constitutional rights in a multitude of ways. In Case No. 17-cv-454 ("the '454 case"), DeBauche appears to be challenging his continued placement in administrative confinement, conduct reports, and ability to access the courts, while in Case No. 17-cv-524 ("the '524 case"), DeBauche challenges the medical care he has been receiving at Columbia since approximately 2016.

In September of 2019, the court dismissed both of these lawsuits without prejudice, since both complaints were in gross violation of Federal Rule of Civil Procedure 20. Further, many of DeBauche's allegations omitted material details and relevant dates. Accordingly, the court dismissed DeBauche's complaints *without prejudice*, giving DeBauche

the opportunity to file an amended complaint that narrowed his claims and corrected these other, identified deficiencies.  ('454 case, dkt. #28; '524 case, dkt. #15.)

After receiving five extensions of time -- in fairness, at least some due in part to lockdown procedures in place at Columbia to address the COVID-19 pandemic -- DeBauche submitted proposed, amended complaints in each lawsuit, as well as multiple motions.  Unfortunately, both of DeBauche's amended complaints continue to include far too many claims *and* defendants to proceed in one lawsuit; in fact, he appears to have *added* new claims for events that have taken place since initiating these lawsuits.  At this juncture, the court still cannot discern which of the many, possible lawsuits DeBauche would like to pursue in either case.  Accordingly, Federal Rule of Civil Procedure 20, the court must again dismiss both lawsuits without prejudice.  However, if DeBauche wishes to pursue a narrower set of related claims and defendants in either lawsuit, he must now do so by filing a new lawsuit.

## ALLEGATIONS OF FACT

### A.      Case No. 17-cv-454

Previously, DeBauche named the following defendants employed by the Wisconsin Department of Corrections ("DOC") at Columbia in the '454 case:  Warden M. Dittman; "Assistant" Warden Ruck; Security Director Lucas Weber; Captain Morgan; Unit Manager L. Walker; Program Services Supervisor Neuhauser; Inmate Complaint Examiner ("ICE") Mary Leiser; Inmate Complaint Supervisor Isaac Hart; Unit Manager Fink A. Bender; Correctional Officers Hunter, Stahl, Price and Kraft; and Columbia Administrative

Committee members Jane and John Doe.  DeBauche also named C. O'Donnell and the DOC itself.  The court previously found that DeBauche's complaint included at least the following lawsuits:

- Lawsuit 1:  Plaintiff's claim that defendants Dittman, Walker, Ruck, Weber, Morgan and Neuhauser have been continuously keeping him on administrative confinement status based on false conduct reports, in retaliation for litigating *DeBauche v. James*, No. 13-cv-553 (W.D. Wis.) ("the '553 case).

- Lawsuit 2:  Plaintiff's claim that CO Hunter destroyed his legal materials in 2014, which prevented him from litigating the '553 case.

- Lawsuit 3:  Plaintiff's claim that in 2017, Security Director Weber instituted policies that prevented him adequate access to the law library and from using other prisoners to help with legal matters.

- Lawsuit 4:  Plaintiff's claim that CCI's business office, including Bender, have prevented him from obtaining legal loans, froze his accounts and charged him inappropriately for legal materials, all of which has curbed his access to the courts.

- Lawsuit 5:  Plaintiff's challenge to defendants Leiser's and Hart's handling of his inmate complaints.

- Lawsuit 6:  Plaintiff's complaints that in May of 2017, Walker knew prisoners were not receiving enough food and failed to take corrective measures.

- Lawsuit 7:  Plaintiff's claim that in October of 2016, his blanket and warm clothing were confiscated following a search of his cell and not returned in a timely fashion.

- Lawsuit 8:  Plaintiff's claim that Nurse Walters sexually assaulted him during an examination.

- Lawsuit 9:  Plaintiff's claim that he has been unable to practice his religious beliefs while in segregation.

- Lawsuit 10:  Plaintiff's claim that in September 2017, after filing his complaint, officers Stahl, Price, and Kraft have retaliated against him in various ways.

- Lawsuit 11: Plaintiff's claim that in April of 2018, Fink retaliated against him by failing to return items to him, in an apparent effort to prevent him from litigating this case.

DeBauche has *not* pared down his claims or defendants in his proposed amended complaint. Instead, he names the following defendants, some of which overlap with his original complaint: Dittman; Ruck; Novak, Columbia's current warden; Weber; Gwen Schultz and Gustke, Columbia's security directors from 2020; John Does 1 and 2; Columbia's assistant security directors; Leiser; Hough and Lohman-Peterson, inmate advocates; Pafford; Lt. Gerry, Lt. P. Sanneh, John Doe 3, and Captain Kevin Pitzen, hearing officers for conduct reports. (Dkt. #49, at 1-2.) Similarly, as in his original complaint and supplement, DeBauche again claims that: both DOC and Columbia officials have been retaliating against him for filing lawsuits; various Columbia officials issued false conduct reports after he filed the '553 case in 2013, leading to his placement in segregation for over 1400 days; putative defendants Dittman, Ruck, Lucas, Weber, Morgan and Neuhauser isolated him from other inmates and the law library, which has prevented him from litigating his other lawsuits; officers Kratz and James required inmates to choose between eating breakfast and taking law library time; apparently other defendants searched his cell multiples times in 2015, resulting in prison official confiscating his legal materials related to his '553 case; and in 2014, he was moved cells and his legal materials were confiscated, although he does not allege what Columbia officials were involved. (*Id.* at 3.)

Again, DeBauche's pleading also lack specifics, including *how* these defendants prevented him from litigating his lawsuits (except that he submitted requests for law library time in 2016 and 2017, which were denied), and he has not alleged when certain

4

requirements were in place or how those alleged policies prevented him from litigating any lawsuit. DeBauche similarly claims that: his administrative confinement review hearings are meaningless; Columbia staff took actions that prevented him from litigating his claims in the '553 case, as well as other matters; and his procedural due process rights have been violated, detailing multiple conduct reports that he has been issued in 2019 and 2020. Defendants Ray, Lohman-Peterson, Pafford, Gerry and Pitzen were apparently involved in these disciplinary proceedings, which DeBauche claims were based on false charges, but he also claims that the procedures required by due process were denied him.

Finally, DeBauche details a new incident in September of 2017, when he was subjected to sewage from a clogged toilet. In particular, DeBauche claims he has been harassed by Correctional Officers Stahl, Price, Kraft and Fink in retaliation for filing this lawsuit, and on September 5, 2017, the toilet in DeBauche's cell overflowed, covering his floor and toilet in feces and sewage. After being briefly moved to the showers, DeBauche claims he was moved back to the dirty cell. Further, Officer Stahl allegedly laughed at him and refused to provide necessary cleaning supplies.

### B.    Case No. 17-cv-524

DeBauche's allegations in this case again span several years, from approximately 2012 to 2017, with the overarching theme being a challenge to Columbia staff's handling of his physical and mental health needs. In his original complaint and supplement, plaintiff named the following 19 defendants: Drs. Suebke, Suliene, Martin, Stange, Hoffman, Callister, Griffin, and Syed; nurses Dejarden and Walters; Warden Dittman; Sergeant Chattman; Columbia Health Services Unit ("HSU") managers Anderson, Mashak, and

Gohde; L. Walker; and correctional officers Stahl, Price and Kraft. The court explained that his original complaint involved at least the following ten lawsuits:

- Lawsuit 1: Plaintiff's challenge to how Drs. Syed, Suliene, Martin, and Hoffman, and nurses Anderson, Mashak and Gohde handled his allergies and skin condition, in 2011, 2016 and 2017.

- Lawsuit 2: Plaintiff's challenge to how Anderson reviewed his bladder and prostate ultrasound in 2013, and how Dr. Syed responded to his continued need for treatment for his bladder and prostate issues in 2015.

- Lawsuit 3: Plaintiff's complaints about how various staff, including Mashak, Dr. Syed and Dr. Suliene responded to his need for accommodations and pain relievers for his back problems.

- Lawsuit 4: Plaintiff's various challenges to Dr. Griffin's treatment for his eye issues.

- Lawsuit 5: Plaintiff's claim that Walters sexually assaulted him.

- Lawsuit 6: Plaintiff's challenge to CCI's dental care.

- Lawsuit 7: Plaintiff's claim that CCI's mental health care professionals, including Dr. Callister, failed to address his mental health care needs appropriately.

- Lawsuit 8: Plaintiff's claim that Dr. Suebke retaliated against him for complaining about him.

- Lawsuit 9: Plaintiff's claim that during some unspecified time he was held in an extremely warm room without water.

- Lawsuit 10: Plaintiff's claim that Stahl, Price and Kraft retaliated against him for filing this lawsuit.

In his amended complaint, DeBauche now names a total of 23 defendants, many of which were named previously: the Wisconsin Department of Corrections ("DOC"); Warden Dittman; Drs. Suliene, Martin, Kasmir, Hoffman, Syed, and Ribault; Nurses Dejarden and Grier; Columbia Health Services Unit ("HSU") managers Anderson, Mashak

and Gohde; Columbia's current HSU manager Buchanan; Dr. Ribault; Officers Hunter and
Kerhn; Unit Managers Olsen and Glass; and four additional defendants whose names were
indecipherable.

As in his original complaint, DeBauche's amended complaint also outlines several
medical conditions for which he has sought treatment from HSU staff at Columbia dating
back to approximately 2006.  He again details:  the alleged deficient treatment of his
allergies by defendants Martin, Anderson, and Syed; similar treatment of his seborrheic
dermatitis by Martin, Syed, Hoffman, Anderson, Mashak, and Gohde; the deficient
treatment of his bladder and prostate by Martin, Anderson, Syed and Hoffman; wrongful
denial of access to an extra thick mattress to address his back problems by Mashak, Syed
and Suliene; his dental health care needs being ignored; and the general requirement of co-
pays for the various interventions that he needed to address his health care issues.

In addition, DeBauche asserts new complaints about:  delays associated with annual
exams; Dr. Ribault's treatment of his foot pain and need for special shoes in 2017; the
alleged failure to provide him needed follow-up with a urologist after a September 2019
colonoscopy for the removal of nine polyps; a January 2020 incident in which he was placed
in a restraint chair due to false allegations that he had swallowed drugs; being retaliated
against for complaining about his medical care by unjustified cell searches and the
destruction of his records; cancelations of  his medical appointments by Dr. Ribault; and
his request for mental health treatment in January 2020 being ignored.

7

OPINION

**I.  The proposed amended complaints again violate Rule 20**

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may join claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(1)(A).  As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."  *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012).  Yet this is what plaintiff has done once more despite being warned about the consequences.

Specifically, if a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed.  *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).  Even when the claims are related, the court has authority under Rule 21 (and its own inherent authority) to sever claims and parties in a lawsuit when it would be unwieldy to maintain so many claims against so many different defendants in a single case.  *See Lee*, 635 F.3d at 971; *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d at 441.

Here, the court already explained to DeBauche that his allegations outlined at least ten lawsuits against some 15-20 different defendants in *each* of these cases in violation of Rule 20, as well as contained vague allegations related to each defendant's personal involvement in alleged constitutional violations in violation of the requirements of Federal

8

Rule of Civil Procedure 8. As such, the court also required DeBauche to submit a proposed amended complaint that not only clarified the claim(s) DeBauche actually intended to pursue, but also provided more specific allegations about each proposed defendant's involvement in the events comprising his claims. Nevertheless, DeBauche's proposed amended complaints not only suffer from all the same problems, but most problematic of all, they give *no* guidance as to which of his myriad claims and defendants, that plaintiff values over others were this court inclined to try to pick out a discrete set of claims and defendants from the soup of both still before it.

Indeed, in the '454 case, his claims range from challenges to his conditions of confinement and access to the courts in 2017 to challenging the constitutionality of conduct reports he received in 2019 and 2020. Likewise, in the '524 case, DeBauche challenges not only the medical care he has been receiving at Columbia since 2006, for a variety of issues from the treatment of his skin condition, to problems with his colon and prostate, to dental care and mental health treatment, all of which involve different medical professionals. He would also challenge the fact he has been financially responsible for certain treatment, *and* he appears to be seeking to include claims related to events that have occurred since he filed this lawsuit, adding yet more defendants and claims into the mix.

Assuming, for a moment, these completely unrelated events shared a common defendant, DeBauche *might* have been allowed to join them under Rule 18, but that is not the case. And although there is some overlap with respect to the medical professionals that treated him in the '524 case, not all of the claims he details in that lawsuit could be

9

appropriately joined, because DeBauche includes numerous claims that either do not identify any specific defendant or do not share a common defendant.  Finally, even if there were a common defendant or event, joining all these claims and defendants in one lawsuit would be unworkable, and thus subject to severance pursuant to Federal Rule of Civil Procedure 21.

Which leads to the next question: can the court sever any of these lawsuits based on DeBauche's amended complaints?  On one hand, the general rule is that the court either severs the action into separate lawsuits or dismisses the improperly joined defendants.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Federal Rule of Civil Procedure 21).  However, as mentioned, the court is unable to discern from DeBauche's unrelated and vaguely described grievances in each lawsuit, which lawsuits or defendants would be appropriate to sever, or dismiss, much less which DeBauche would choose.  As such, the court is left to infer that DeBauche remains intent on pursuing these two lawsuits as broad challenges to his ability to access the courts, administrative confinements, a variety of conduct reports, *and* wide-ranging medical care.

Given that defendant has already been warned that this is the exact type of disjointed lawsuit that the Seventh Circuit has "repeatedly urged" district courts to avoid, the court is left with no options.  *See Owens v. Evans*, 878 F.3d 559, (7th Cir. 2017) (noting that a lawsuit in which plaintiff grouped grievances from events from four different institutions and failed to specify each defendants' involvement, employed an unacceptable "scattershot strategy" prohibited by Rule 20(a)(2)).  Indeed, given DeBauche's inclination to *add* claims and defendants to these lawsuits instead of omitting them as instructed,

allowing DeBauche an opportunity to amend his complaints for a third time is pointless. Accordingly, at this point, "[t]he better strategy is to dismiss this case without prejudice in its entirety," so that Debauche can "file new lawsuits, should he choose, addressing the issues raised" in his proposed amended complaint in more discrete fashion.  *See Blackshear v. Thurston*, No. 19-cv-299-JPS, 2020 WL 1689782, at *2 (E.D. Wis. Apr. 7, 2020).  If anything, the Seventh Circuit has encouraged courts to take this approach, "not only to prevent the sort of morass" produced by such unrelated multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filings fees" under the PLRA.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Bogie v. Rosenberg,* 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").  Accordingly, these lawsuit will be dismissed without prejudice but also without leave to amend.

## II. Plaintiff's other motions

Finally, DeBauche has filed multiple, unrelated motions, which the court will deny for the reasons that briefly follow.  First, DeBauche seeks a change of venue ('454 case, dkt. #57; '524 case, dkt. #39), asking that I recuse myself from this case, since DeBauche has experienced delays and was unsuccessful in a previous lawsuit before this court. However, an adverse ruling in one of DeBauche's other lawsuits is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (by themselves, judicial rulings are not a sufficient basis for recusal).  Since DeBauche does not otherwise identify any basis from which it would be reasonable to infer that I am, in fact, biased against him, nor even articulate an appearance of bias, this motion must be denied.

11

DeBauche also filed motions for assistance in recruiting counsel.  ('454 case, dkt. #58; '524 case, dkt. #42.)  If the court had reason to be believe that DeBauche lacked the ability to read or understand the court's earlier order and craft a complaint that complied with Rules 8 and 20, it might well be inclined to recruit counsel for him, at least for the limited purpose of drafting an amended complaint.  However, DeBauche's submissions suggest quite the contrary.  His submissions suggest a clear recollection of the facts underlying his proposed claims, as well as an understanding of the legal standards related to those claims.  Although DeBauche states that he is untrained in the law and that his access to the law library and legal materials is limited or prevented by Columbia staff, the court has no reason to infer that these circumstances have in any way prevented him from crafting an amended complaint that limits his claims and defendants to either lawsuit.  As such, the court suspects recruiting counsel for DeBauche or granting him any other form of relief he seeks in his motions would be a fool's errand.  *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").

As for DeBauche's last motion for a preliminary injunction or temporary restraining order ('524 case, dkt. ##40, 41), it, too, must be denied.  In particular, DeBauche seeks an order:  (1) prohibiting Columbia employees from turning off their body cameras, and deleting audio/video records from body, wall and unit cameras related to the search of DeBauche's property; (2) prohibiting defendants from violating policies related to access

12

to mailing supplies and the ability to use the telephone; (3) prohibiting defendants from falsifying conduct reports against him, and using those conduct reports to keep him in administrative confinement; (4) prohibiting defendants from denying him personal property items; (5) requiring defendants to use soft restraints when transporting him; (6) prohibiting defendants from reading DeBauche's legal mail, refusing to replace batteries, and withholding his personal property; (7) requiring defendants to provide him medical insoles and diabetic shoes, a medical mattress and additional pillow, and treatment for his allergies and scalp condition; and (8) ensuring that defendants remove DeBauche from any area prior to the use of tear gas or similar incapacitating agents.

If anything, this laundry list only confirm DeBauche's obstinate refusal to narrow his claims or the number of defendants. Regardless, given that DeBauche may not proceed on any claims in this lawsuit, his motion for preliminary injunctive relief will be denied as moot.

## ORDER

IT IS ORDERED that:

1) Plaintiff David D. DeBauche's amended complaints in the '454 and '524 cases are DISMISSED without prejudice under Federal Rule of Civil Procedure 20.

2) Plaintiff's motion in the '454 case to modify complaint to change the requested damages (dkt. #53) is DENIED as moot.

3) Plaintiff's motions in the '454 case for a change in venue and for appointment of counsel ('454 case, dkt. ##57, 58; '524 case, dkt. ##39, 42) are DENIED as moot.

4) Plaintiff's motion for a preliminary injunction or temporary restraining order ('524 case, dkt. ##40, 41) is DENIED.

Entered this 31st day of March, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

14