IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID DEBAUCHE,

                Plaintiff,                 OPINION AND ORDER

v.

                                                  17-cv-454-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS, ET AL.,

                Defendants.

---

*Pro se* plaintiff David DeBauche, a prisoner at Columbia Correctional Institution ("Columbia"), filed two lawsuits pursuant to 42 U.S.C. § 1983, claiming that several dozen defendants have been violating his constitutional rights in a multitude of ways. In this case, DeBauche's initial pleading challenged his continued placement in administrative confinement and ability to access the courts, and in Case No. 17-cv-524 ("the '524 case"), DeBauche challenged the medical treatment received at Columbia since approximately 2016. The court initially dismissed DeBauche's amended complaints in both cases, since they violated Federal Rule of Civil Procedure 20, but gave DeBauche the opportunity to amend his complaint to narrow his claims and defendants. On March 31, 2021, the court then dismissed both of these lawsuits without prejudice, since DeBauche's proposed, amended complaints in each case failed to narrow his claims and defendants to one lawsuit, and instead actually sought to add *more* defendants and claims. (Dkt. #63.)

Now, DeBauche asks for reconsideration in both cases, filing newly proposed, amended complaints. (*See* dkt. ##65, 66.) In *both* cases, Debauche considerably narrowed his proposed defendants and claims, so the court will accept his proposed amended

complaints as no longer violating Rule 20 and grant his motion for reconsideration.[1] Accordingly, the next step in both cases is to screen DeBauche's amended complaints, as required by 28 U.S.C. §§ 1915(e)(2), 1915A. Unfortunately, unlike in the '524 case, even employing the generous standard applicable in review of a *pro se* plaintiff's pleadings, the court must again dismiss this lawsuit for failure to state a claim upon which relief can be granted.

ALLEGATIONS OF FACT[2]

DeBauche decreased the number of proposed defendants in this lawsuit from 16 Columbia employees to six: Warden Michael Dittman, Assistant Warden Ruck, Unit Manager L. Walker, Security Director Lucas Weber, Captain Morgan, and Program Services Supervisor C. Neuhauser. As in the previous iterations of his complaint, DeBauche overarching claim is that these officials have been retaliating against him for filing lawsuits against them and violating his constitution right of access to the courts. In particular, he alleges that after he filed an earlier lawsuit in this court, *DeBauche v. James*, No. 13-cv-553 (W.D. Wis.) ("the '553 case"), he became the target of retaliation by Columbia officials. In particular, DeBauche claims that he was charged in a false conduct report, leading to his placement in segregation from November 2013 through November

---

[1] The court takes up DeBauche's motion for reconsideration in the '524 case in a separate order under that case's caption.

[2] In addressing any pro se litigant's complaint, the court must read the allegations generously and draw all reasonable inference in his favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's latest amended complaint, unless otherwise noted.

2017. (Dkt. #66 at 2.) DeBauche further alleges that his segregation placement allowed Walker, Morgan, Weber and Neuhauser to (1) completely isolate him from other inmates who could help him with his lawsuits and (2) deny him access to the law library on numerous occasions in 2016 and 2017. DeBauche also alleges that this forced isolation caused the dismissal of his '553 case because he was "unable to locate cases cited by the defendant[s] in the law library and thus could not fully respond to his adversary's motions or follow correct court filing procedures." (Dkt. #66, ¶ 7.) Apparently, though not explicitly related to his own retaliatory segregation, DeBauche alleges that defendants Dittman, Weber and Walker issued a memorandum in January 2017 that inmates generally had to choose between 60 minutes of dayroom each week for law library, phone or television use. He also alleges that in June 2017, inmates were allowed two extra hours of law library time for a 30-day period, rather than eight hours of access per week. Finally, DeBauche alleges that Columbia was on lockdown in March and from May to October of 2015. He claims that during that time, he was denied all access to the law library, and that Dittman, Weber and Walker were responsible for ordering the lockdown.

Beyond these general allegations, however, DeBauche provides no specific allegations related to *how* the proposed defendants prevented him from litigating his '553 case. Plus, the court will take judicial notice of material events in that case. Specifically, in 2015, defendants James and Kingsland filed a motion for summary judgment. *DeBauche v. James*, No. 13-cv-553, dkt. #66 (W.D. Wis. Aug. 17, 2015). DeBauche also filed his own cross-motion for summary judgment on September 24, 2015, along with proposed findings of fact, supporting evidence and a brief citing to legal authorities. *Id.*, dkt. ##87-

3

89. On October 29, 2015, DeBauche also filed a reply brief, reply in support of his proposed findings of fact, and a supplemental declaration. *Id.*, dkt. ##97-99. After this court granted defendants' motion for summary judgment on January 11, 2016, dkt. #106, DeBauche also appealed, which was dismissed pursuant to Federal Rule of Appellate Procedure 42(b) on March 2, 2017, for DeBauche's failure to file a timely appellate brief. *Id.*, dkt. #123.[3]

OPINION

Plaintiff seeks to proceed against all of the remaining defendants on First Amendment retaliation and access to courts claims. As an initial matter, the court must dismiss putative defendant Ruck for lack of personal involvement. Generally speaking, Ruck cannot be held liable under § 1983 solely by virtue of his position as the assistant warden. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role of others). While there are exceptions to this rule, none apply here. For example, a supervisor may be liable if he knew about unconstitutional "conduct and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye for fear of what [she] might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citation omitted). Additionally, a supervisor might be liable for flawed policies or deficient training over which he had control, if the policies or training amount to deliberate indifference to the rights of the persons affected. *See City of*

---

[3] DeBauche also repeats his allegations that in 2014 and 2015, he was moved between cells and prison officials confiscated his legal materials related to the '553 case. However, he does not allege that any of the named defendants was involved in the search of his cell or in confiscating or destroying any of his legal papers.

4

*Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).  Here, plaintiff does not allege that Ruck was involved in his placement in segregation, nor even a 2015 lockdown that limited his access to the law library or the 2017 memorandum that required him to choose between law library time and dayroom time.  Accordingly, plaintiff has not alleged facts giving rise to a reasonable inference of Ruck's personal involvement in any of the events outlined plaintiff's latest amended complaint, and he will be dismissed.

As for defendants Dittman, Walker, Weber, Morgan and Neuhauser, plaintiff's allegations do not support a First Amendment retaliation or access to courts claim.  "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).  To prove a retaliation claim under the First Amendment, however, plaintiff must show that:  (1) he was engaged in a constitutionally protected activity; (2) he suffered a deprivation that would likely deter a person from engaging in the protected activity in the future; and (3) the protected activity was a motivating factor in defendants' decision to take retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

Certainly, plaintiff's pursuit of relief in the '553 case is constitutionally protected. *See Zorzi v. County of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994) ("Retaliation for filing a lawsuit is prohibited by the First Amendment's protection of free speech.").  Moreover, plaintiff appears to contend that issuance of a false conduct report, as well as his resulting inability to get help from other inmates and use the law library to litigate the '553 case amount to a deprivation that would deter a prisoner of ordinary firmness from filing a

lawsuit in the future. While those alleged deprivations may not alone amount to a constitutional violation, the court accepts that time in segregation and more limited access to legal resources may be sufficiently adverse to deter a prisoner of reasonable firmness from engaging in protected conduct.

Still, plaintiff's complaint fails to allege facts supporting the third element of his First Amendment retaliation claim, since he has not alleged that that defendants Dittman, Walker, Weber, Morgan or Neuhauser (1) knew about the '553 lawsuit, (2) were involved in the false conduct report charges, or (3) actually limited his access to the law library or other legal resources *because of* that lawsuit. A causal connection or affirmative action between the defendant official and the claimed misconduct is necessary for a liability finding under § 1983. *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Id.* at 991. Plaintiff does not allege that any named defendant knew about his lawsuit, so any retaliation claim must fail for that reason alone. *Morfin v. City of e. Chi*, 349 F.3d 989, 1005 (7th Cir. 2003) ("The protected conduct cannot be proven to motivate retaliation if there is no evidence that the defendants knew of the protected activity.") (quotation marks and brackets omitted) (quoting *Stagman v. Ryan*, 176 F.3d 986, 999-1000 (7th Cir. 1999)).

Even if it were reasonable to infer that knowledge, plaintiff's allegations do not allow for an inference that these defendants sought to punish him for pursuing the '553 case. Similarly, plaintiff may *claim* that these defendants were responsible for the restrictions

that affected him during the 2015 lockdown and the January 2017 memorandum requiring inmates to choose between dayroom and law library time, but plaintiff's allegations do not suggest that these orders were targeted at him specifically. To the contrary, he alleges that these restrictions applied institution-wide, and fails to allege that any of the named defendants had reason to believe that they would impact plaintiff in a more egregious manner than any other prisoner. As such, it would be unreasonable to infer that any of these defendants actually intended to punish plaintiff for filing the '553 case when he imposed the lockdown procedures and limited access to the law library.

Plaintiff's allegations also do not meet the elements of an access to courts claim. To succeed on such a claim, a plaintiff must show that he was, or is, suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). Moreover, the injury must be a *specific* hinderance related to a lawsuit, *Owens v. Evans*, 878 F.3d 559, 565 (7th Cir. 2017), and cannot be a speculative, future harm, *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006).

Here, plaintiff fails to allege with any degree of particularity what impeded his ability to litigate the '553 lawsuit -- either at the district court level or before the court of appeals. Instead, plaintiff appears to suggest that because his access to other inmates and the law library had been more limited during the pendency of this lawsuit, defendants' policies prevented him from litigating this case. As noted above, however, plaintiff not only mounted a substantive defense to defendants' motion for summary judgment, but he pursued his own, separate motion for summary judgment, successfully submitted legal and

7

evidentiary materials in support. Moreover, plaintiff has not alleged how the restrictions on his law library time and access to other inmates' help actually prevented him from filing a timely brief in support of his appeal. It would be unreasonable to draw such an inference, given plaintiff's ability to submit summary judgment filings before this court under similar restrictions. Thus, plaintiff's allegations do not support a reasonable inference that any of the limitations on his access to the law library actually prevented him from litigating the '553 case.

ORDER

IT IS ORDERED that:

1) Plaintiff David D. DeBauche's motion for reconsideration (dkt. #65) is GRANTED.

2) Plaintiff's amended complaint (dkt. #66) is DISMISSED for failure to state a claim upon which relief can be granted.

3) The clerk of court is directed to record this dismissal as a strike for purposes of 28 U.S.C. § 1915(g) (prohibiting prisoner from proceeding under the *in forma pauperis* statue "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

Entered this 8th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge